**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JORGE ARMANDO LIZARRAGE CACERES,  :  <br>  :  <br> Petitioner,  :  <br>  :  <br> v.  :  <br>  :  <br> JORDAN HOLLINGSWORTH,  :  <br>  :  <br> Respondent.  : | Civil No. 12-7677 (JBS)  <br><br> **OPINION** |

**APPEARANCES:**

Jorge Armando Lizarrage Caceres, *Pro Se*
#49349-018
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

Elizabeth Ann Pascal, Assistant U.S. Attorney
Office of the U.S. Attorney
401 Market Street, P.O. Box 2098
Camden, NJ 08101
Attorney for Respondent

**SIMANDLE, Chief Judge**

Jorge Armando Lizarrage Caceres, a federal inmate confined at the Federal Correctional Institution, Fort Dix, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed after he pled guilty to conspiracy to possess with intent to

distribute five or more kilograms of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a)(1), 70506(a), and 70506(b), and 21 U.S.C. § 960(b)(1)(B)(ii). *See* Opinion, Docket Item 13 at p. 2. This Court dismissed the Petition for lack of jurisdiction. Presently before this Court is Petitioner's motion for reconsideration, which the government has opposed. For the reasons expressed below, this Court will deny the motion.

**A.    BACKGROUND**

In his § 2241 petition, Petitioner argued that pursuant to *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), the sentencing court was without jurisdiction to impose a sentence and the "act for which Petitioner was convicted is no longer considered to be a crime, and he cannot raise this issue in a § 2255 motion." *See* Opinion, Docket Item 13 at p. 3. Factually, he alleged that in March 2007, the United States Coast Guard illegally seized him from a vessel 20 miles from Panama coast, and the Coast Guard had no jurisdiction in the territorial waters to prosecute him under the Maritime Drug Law Enforcement Act (*Id.* at pp. 2-3).

Respondent argued that *Bellaizac-Hurtado* did not help Petitioner here because the vessel on which Petitioner was apprehended was not stopped in the territorial waters of another nation. (*Id.* at p. 3). This Court agreed, noting that the United

2

States recognizes a territorial sea of twelve (12) nautical miles (*Id.* at p. 7). As Petitioner hadn't yet filed a motion to vacate his sentence under 28 U.S.C. § 2255, and because subsequent jurisprudence had not rendered Petitioner's conduct non-criminal under the law of the United States, this Court found that § 2255 was not inadequate or ineffective, and that the § 2241 petition should be dismissed for lack of jurisdiction. (*Id.* at p. 8, citing *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997)).

In his motion for reconsideration, Petitioner makes two arguments: (1) that the Court was incorrect when it determined that it did not have proper jurisdiction under 28 U.S.C. § 2241(c)(3); and (2) the Court overlooked his argument that the United States Coast Guard lacked jurisdiction in international waters, in addition to territorial waters (Docket Item 15 at pp. 2-3). In his reply brief to Respondent's opposition to the motion, Petitioner notes that in a "supplemental response" (Docket Item 8) filed almost a month after his Reply to the answer (Docket Item 7), he had argued that the Coast Guard had "no proper 'universal jurisdiction' to arrest, detain or extradite the Petitioner to the United States for prosecution." (Docket Item 8 at p. 11). This argument was not raised in Petitioner's original petition.

## B. STANDARD OF REVIEW

A postjudgment motion "will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451 (1982)). Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to "alter or amend a judgment" must be filed within 28 days of the entry of the judgment. Fed. R. Civ. P. 59(e). "The scope of a motion for reconsideration ... is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "[A] proper Rule 59(e) motion ... must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

## C. DISCUSSION

Presumably, Petitioner argues that alteration or amendment of the Order dismissing his Petition for lack of jurisdiction is

4

necessary to correct an error or law and to prevent manifest injustice.

In his motion, Petitioner does not dispute that he was arrested on a vessel 20 miles off the coast of Panama, and he has not shown that, as a result of a Supreme Court decision interpreting a criminal statute, he is now imprisoned for conduct that is not a crime. *See Dorsainvil*, 119 F.3d at 250.

As to his "universal jurisdiction" argument as to "whether or not the U.S. Coast Guard had universal jurisdiction in international waters" (Docket Item 15, Motion at p. 2), the Honorable Renee Marie Bumb of this District Court considered this argument in the context of a motion for reconsideration and noted:

> The best this Court can surmise, Petitioners' references to "universal jurisdiction" was intended to assert, initially and in their instant motions, that this Court should have expanded the holding of *Bellaizac* so to negate the United States jurisdiction as to all drug-trafficking activities outside the United States geographical jurisdiction, regardless of whether these offenses were conducted on high seas or in foreign territorial waters, i.e., to effectively find the MDLEA [the Maritime Law] unconstitutional in its entirety.

*See Antonio-Villalba v. Hollingsworth*, 2013 WL 5592367 (D.N.J. Oct. 10, 2013) at *2 (citations and footnote omitted). Judge Bumb went on to hold:

> Petitioners here do not offer the Court a viable basis for vacating its prior decisions. Neither [Petitioner] asserted an error of law or fact, or an intervening change in prevailing law, or any newly discovered evidence. Rather, each asserts his preference for an expansive

> reading of *Bellaizac* so to render the MDLEA
> unconstitutional in its entirety. Yet, such reading would
> be at odds with the Court of Appeals for the Third Circuit's
> holding in *United States v. Martinez–Hidalgo*, 993 F.2d
> 1052 (3d Cir. 1993), *cert. denied*, 510 U.S. 1048 (1994).
>
> In *Martinez–Hidalgo*, the Court of Appeals implicitly
> upheld application of the MDLEA to the offenses conducted
> on high seas when it pointed out that no nexus to the United
> States was needed to exercise United States penal
> jurisdiction (under the MDLEA) over the drug-trafficking
> activities committed in international waters. *See id.*
> Thus, the narrow holding of *Bellaizac*, being limited
> solely to the offenses committed in foreign territorial
> waters, cannot be expanded in the fashion argued for by
> Petitioners.

*Id.* at *2–3.

This Court agrees that Petitioner here has not shown that his "universal jurisdiction" argument, seeking an expansive reading of *Bellaizac-Hurtado,* is sufficient to overcome the high hurdle to satisfy Rule 59(e) and amend this Court's prior judgment. Likewise, as argued by Respondent, Petitioner did not raise this argument in his original petition and did not seek to amend his petition in accordance with Federal Rule of Civil Procedure 15 to place this argument properly before the Court. As such, this Court finds that it has not overlooked an argument or made an error of law in order to warrant amending the judgment. The motion will be denied.

D.  **CONCLUSION**

For the foregoing reasons, this Court denies Petitioner's motion under Rule 59(e) to alter or amend the Order dismissing his Petition. An appropriate Order accompanies this Opinion.


                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE
                                    Chief Judge
                                    United States District Court


Dated:   February 4, 2014